United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 7, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-50900
Summary Calendar

GILBERT GALVAN,

Plaintiff-Appellant,

versus

CITY OF GRANITE SHOALS, TEXAS;
ANDREW W. ASTON, Police Officer,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:03-CV-716-SS
--------------------

Before JOLLY, DAVIS, and OWEN, Circuit Judges.

PER CURIAM:*

Gilbert Galvan, Texas prisoner #1169496, appeals the summary-judgment dismissal of his 42 U.S.C. § 1983 complaint against Officer Andrew W. Aston and the City of Granite Shoals (the City). In his complaint, he alleged that Aston used excessive force in effecting his arrest and that he was deprived of his personal property (a wallet and pocketknife) in violation of his due process rights.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We review the district court's order de novo.  Cousin v. Small, 325 F.3d 627, 637 (5th Cir. 2003).  A review of the record indicates that the district court did not err in determining that Aston's actions were objectively reasonable under the circumstances.  The videotape of Galvan's detention and subsequent arrest shows Galvan being argumentative, belligerent, and uncooperative during the sobriety tests and Aston's efforts to handcuff Galvan.  The tape also shows that as Galvan was being led to the police car in handcuffs, he twisted away from Aston, resulting in Aston taking him to the ground with a controlled leg sweep.  Contrary to Galvan's assertion, the videotape is consistent with the facts as sworn to by Aston in his affidavit.

Galvan does not, in his opening brief, address the dismissal of this loss-of-property claim or his claims against the City.  Thus, the claims are deemed abandoned on appeal.  See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993); Cinel v. Connick, 15 F.3d 1338, 1345 (5th Cir. 1994).

AFFIRMED.